UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sarah Abrams, Howard Abrams, and Doe Child, a minor by his parents and next friends, | |
| Plaintiffs, | Civil No.: |
| v. | Judge: |
| Camp Horseshoe, LLC., | Jury Trial Demanded |
| Defendant. | |

## COMPLAINT

Plaintiffs Sarah Abrams, Howard Abrams, and Doe Child, a minor by his parents and next friends (collectively "Plaintiffs"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure, hereby submit this complaint for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181, *et seq.*

## INTRODUCTION

1. This is a public accommodation and perceived or "regarded as" disability discrimination case on behalf of Plaintiffs, whose application for Doe Child's enrollment at Defendant Camp Horseshoe, LLC ("Camp Horseshoe") for Summer of 2023 was unjustifiably and unlawfully rescinded and revoked by Defendant. This civil action seeks to redress Camp Horseshoe's willful violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181, *et seq*. ("ADA"). Specifically, Plaintiffs bring this action for declaratory judgment, injunctive relief, and damages due to the denial of access to, and the full and equal enjoyment of, the goods, services, facilities, privileges, advantages, or accommodations of Camp

1

Horseshoe because Camp Horseshoe revoked its acceptance of Doe Child's application for enrollment at camp for Summer 2023 because Defendant perceived or "regarded" Doe Child as having a disability, in violation of the ADA.

### JURISDICTION AND VENUE

2.   This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiffs assert a claim under the Americans with Disabilities Act of 1990, Pub. L. 101-335, 104 Stat. 327 (codified at 42 U.S.C. §§ 12101-12213).

3.   This Court has personal jurisdiction over Defendant, because Camp Horseshoe's principal office, as recorded by the Illinois Secretary of State, is located in Highland Park, Lake County, Illinois, and it regularly conducts business in the state of Illinois and in this judicial district.

4.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to this action occurred in this district and because Defendant is registered in this district.

### PARTIES

5.   Plaintiff Doe Child is a minor and the child of Plaintiff Sarah Abrams and Plaintiff Howard Abrams. As Doe Child's parents, Sarah and Howard Abrams may bring the instant action pursuant to F.R.C.P. 17(c). Plaintiffs are residents of the State of Illinois.

6.   Plaintiffs have standing to bring the instant action. 42 U.S.C. §12188(a)(1) states that a private party subject to Title III discrimination may seek remedies under § 204(a) of the federal Civil Rights Act of 1964, 42 U.S.C. § 2000a-3(a).

7.   Defendant Camp Horseshoe is an overnight summer camp, a place of public accommodation and a place for exercise and recreation.

8.   Camp Horseshoe is owned and operated by Jordan Shiner and Fran Shiner.

Jordan and Fran Shiner reside in Highland Park, Illinois.

9. Camp Horseshoe is a limited liability corporation registered to do business in the state of Illinois. In its state of Illinois business registration, Camp Horseshoe is identified as having a "Principal Office" at 821 Kimball Road, Highland Park, IL 60035.

10. Camp Horseshoe claims that it is a place where campers are "cheered, included, and accepted" and that Camp Horseshoe "honor[s] each camper's individuality."

## FACTS

11. In June of 2022, Doe Child attended "Rookie Weekend" at Camp Horseshoe.

12. Rookie Weekend is designed to allow potential full session campers to sample or try camp for two nights and three days.

13. In August of 2022, Sarah and Howard Abrams submitted Doe Child's application to attend Camp Horseshoe during the full "2nd Session" of Summer 2023.

14. On September 2, 2022, Camp Horseshoe emailed Sarah Abrams and confirmed that Doe Child was accepted and enrolled at Camp Horseshoe for "2nd Session" of Summer 2023.

15. In conjunction with the application and acceptance, Sarah and Howard Abrams paid a $1,500.00 deposit.

16. On October 28, 2022, Jordan Shiner, Owner and Director at Camp Horseshoe, spoke with Sarah and Howard Abrams and advised that he communicated with third parties about claimed "issues" and "concerns" regarding Doe Child stemming from the alleged fact that Doe Child needed an aid in school.

17. Jordan Shiner communicated to Sarah and Howard Abrams that these "concerns" and "issues" regarding Doe Child need for an aid in school led Camp Horseshoe to reconsider whether enrollment at Camp Horseshoe should be extended to Doe Child.

18. School aids may be assigned to assist children who attend public schools and qualify for an "Individualized Education Program" (IEP).

19. To qualify for an IEP school aid, a student must be determined to have a disability or multiple disabilities under 34 C.F.R. §300.8.

20. The obvious insinuation from Jordan Shiner's communications with the third parties, and the Abrams, is that Doe Child has some sort of disability, physical or mental impairment, or medical condition, requiring the assistance of a school aid.

21. In response to the allegations raised by Jordan Shiner, specifically alleging that Doe Child needed a school aid, Sarah and Howard Abrams advised that Doe Child Abrams did not have a school aid.

22. Thereafter, Sarah and Howard Abrams sent multiple emails to Defendant requesting an in-person meeting to discuss and resolve any misinformation. Their requests to meet and resolve the matter were flatly ignored.

23. Instead, two weeks later, on November 14, 2022, in an email from Jordan Shiner and Fran Shiner, also an Owner and Director at Camp Horseshoe, Sarah and Howard Abrams were advised that Doe Child's acceptance and enrollment at Camp Horseshoe for summer 2023 was rescinded.

24. The November 14th email from Camp Horseshoe stated that "we believe that our program and a particular camper are simply not a good fit and/or that we and the camper's family are simply not on the same page."

25. The November 14th email from Camp Horseshoe went on to suggest that Sarah and Howard Abrams seek an alternate program "that better suits" Doe Child.

26. On November 14, 2022, Sarah and Howard Abrams, responded via email, again seeking an in-person meeting to resolve the misinformation or misunderstanding and ensure

that their child and future campers are not harmed due to Camp Horseshoe's perception that a child was disabled.

27. On November 15, 2022, Fran Shiner emailed Sarah and Howard Abrams, ignored the request to meet, and stated that the decision to rescind camp enrollment for Doe Child was final.

28. This revocation of Doe Child's enrollment at Camp Horseshoe was and is wholly unjustified. Doe Child met all standards and requirements to attend Camp Horseshoe.

29. This revocation caused Plaintiffs Doe Child, and Sarah and Howard Abrams great emotional pain and embarrassment, as Sarah and Howard Abrams are unable to explain to Doe Child why Camp Horseshoe revoked and rescinded enrollment to attend camp.

## COUNT ONE
### "Regarded as" Disability Discrimination in Violation of the Americans with Disabilities Act (42 U.S.C. §§ 12181, *et seq*.) On Behalf of all Plaintiffs

30. Plaintiffs reallege and reincorporate by reference the fact allegations set forth in paragraphs 1-29 of this Complaint as if fully set forth herein.

31. The ADA was signed into law to protect individuals with disabilities. 42 U.S.C. §§ 12101 to 12213. It was amended by the Americans with Disabilities Act Amendments Act of 2008 (ADAAA) (Pub. L. No. 110-325).

32. The ADA defines "disability" to include protections for those individuals who are being *regarded as* having a physical or mental impairment, who establishes that they were subjected to an action prohibited by the ADA because of any actual or perceived physical or mental impairment, whether or not the impairment limits or is perceived to limit a major life activity. 42 U.S.C. § 12102(1), (3).

33. Title III of the ADA states that "[n]o individual shall be discriminated against on

the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any public place of accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

34. Camp Horseshoe is a "place of public accommodation" within the meaning of the ADA. 42 U.S.C. § 12181(7). A place of public accommodation is defined as a privately operated facility whose operations are places of exercise or recreation. 42 U.S.C. § 12181(7); 28 C.F.R. § 36.104.

35. Defendant is a "private entity who owns . . . or operates a place of public accommodation," and therefore has obligations under Title III of the ADA. 42 U.S.C. § 12182(a).

36. Title III makes it "discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C. § 12182(b)(1)(A)(i).

37. Title III further makes it "discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class . . . with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or

accommodation that is not equal to that afforded to other individuals." 42 U.S.C. § 12182(b)(1)(A)(ii).

38. Title III further makes it "discriminatory to provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals . . . ." 42 U.S.C. § 12182(b)(1)(A)(iii).

39. Title III provides that the term "individuals" refers to "clients or customers of the covered public accommodation." 42 U.S.C. § 12182(b)(1)(A)(iv). Accordingly, Plaintiffs are "individuals" subject to the protections of Title III.

40. Camp Horseshoe's summer camp and camp activities are services, facilities, privileges, advantages, or accommodations of Camp Horseshoe, and Plaintiffs are clients or customers of Camp Horseshoe.

41. Defendant's revocation of Plaintiffs' enrollment at Camp Horseshoe for Summer of 2023 on the basis of perceived or regarded as disability are a denial of Plaintiffs' opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Camp Horseshoe.

42. Defendant's revocation of Plaintiffs' enrollment at Camp Horseshoe for Summer of 2023 because it regarded Doe Child as being disabled means that Plaintiffs' opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation of Camp Horseshoe is not equal to that afforded to other individuals who are not regarded as having disabilities.

43. Defendant's revocation of Plaintiffs' enrollment at Camp Horseshoe for Summer of 2023 because it regarded Doe Child as being disabled is an imposition or application of

eligibility criteria that screens out or tends to screen out an individuals whom Defendant perceives or regards as disabled from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations of Camp Horseshoe, and such criteria are unnecessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered.

44. Defendant's revocation of Plaintiffs' enrollment at Camp Horseshoe for Summer of 2023 because it regarded Doe Child as being disabled is a failure of Defendant to make reasonable modifications in its policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiffs.

45. Defendants' conduct has harmed Plaintiffs and will continue to harm them until Defendant is ordered by this Court to cease discriminating against Plaintiffs because they regard Doe Child as having a disability.

46. For Defendant's violation of the ADA, Plaintiffs are entitled to declaratory and injunctive relief to prevent Defendant from discriminating against them on the basis of their disability, and Defendant is liable to Plaintiffs for costs and attorneys' fees, and all other available relief.

## JURY DEMAND

Plaintiffs demand a jury trial as to all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that the Court:

a. Declare the acts and omissions of Defendant complained of herein to be in violation of the ADA;

b. Enter a preliminary and permanent injunction requiring Defendant to stop discriminating against Plaintiffs on the basis of disability, and to modify its policies,

    practices, and procedures to comply with the ADA;

c. Award Plaintiffs their costs and attorneys' fees, including litigation expenses, reasonably incurred in the prosecution of the action; and

d. Award Plaintiffs such other and further relief as this Court shall deem just and proper.

Date: January 6, 2023

                                              Respectfully submitted,

                                              /s/ Elissa Hobfoll
                                              Elissa J. Hobfoll
                                              Herschman Levison Hobfoll PLLC
                                              401 S. LaSalle Street, Suite 1302-G
                                              Chicago, IL  60605
                                              Telephone: (312) 870:5800
                                              elissa@hlhlawyers.com

                                              *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on January 6, 2023, a true copy of the foregoing was served on counsel of record via the United States District Court's ECF system.

                                              /s/ Elissa Hobfoll