UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sarah Abrams, Howard Abrams, and Doe Child, a minor by his parents and next friends,<br><br>Plaintiffs,<br><br>v.<br><br>Camp Horseshoe, LLC.,<br><br>Defendants. | Case No: 1:23-cv-00085<br><br>District Court Judge:<br>Honorable Sara L. Ellis<br>Magistrate Judge:<br>Honorable Shelia M. Finnegan<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' INITIAL STATUS REPORT

Plaintiffs, by their attorneys, Hershman Levison Hobfoll PLLC, submit the following Initial Status Report, pursuant to the Court's January 12, 2023, Minute Entry.

**1. The Nature of the Case:**

This is a public accommodation and perceived or "regarded as" disability discrimination case, pursuant to Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§12181, *et seq*. ("ADA"). Title III of the ADA mandates that places of public accommodation, providing places of exercise or recreation to the public, may not deny access to the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations to individuals because they are regarded as disabled. Defendant Camp Horseshoe, LLC. ("Camp Horseshoe"), a place of public accommodation, unjustifiably and unlawfully rescinded and revoked Plaintiffs' application for Doe Child's enrollment at Camp Horseshoe for Summer of 2023 as a result of Defendant regarding Doe Child as having a disability, in violation of the ADA. This civil action seeks to redress Camp Horseshoe's violations of the ADA.

**A. Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.**

Plaintiffs' Counsel:    Elissa J. Hobfoll
Herschman Levison Hobfoll PLLC
401 S. LaSalle St., Suite 1302-G
Chicago, IL 60612
(312) 870-5800
elissa@hlhlawyers.com

Defendant's Counsel:    James J. Sipchen*
Pretzel Stouffer
1 South Wacker, Suite 2500
Chicago, IL 60606
(312) 346-1973
jsipchen@pretzel-stouffer.com
*Counsel for Defendant has yet to file his appearance. On February 1, 2023, Attorney Sipchen returned an executed Waiver of Service form which was filed by Plaintiffs on February, 2, 2023 (Dkt. 5).

**B. Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third-party claims.**

<u>Nature of the claims</u>: In June of 2022, Doe Child attended a camper trial weekend at Camp Horseshoe. In August of 2022, Plaintiffs submitted Doe Child's application to attend Camp Horseshoe for Summer 2023. On September 2, 2022, Defendant confirmed that Doe Child was accepted and enrolled at Camp Horseshoe. On October 28, 2022, one of Camp Horseshoe's owners spoke with Plaintiffs and advised that there were "issues" and "concerns" regarding Doe Child due to the child's alleged need for an aid in school. Plaintiffs were told that these "concerns" and "issues" led Camp Horseshoe to reconsider whether to allow Doe Child to attend camp. School aids are often assigned to public school students under an "Individualized Education Program" (IEP) when a student is determined to have a disability or multiple disabilities under 34 C.F.R. §300.8. Defendant told Plaintiffs it needed to reconsider its enrollment decision because it believed Doe Child had some sort of disability requiring the assistance of a school aid. However, Doe Child does not have a disability and does not require

the assistance of a school aid. Plaintiffs sent multiple emails to Defendant requesting an in-person meeting to resolve the misinformation. The requests to meet were ignored. Instead, on November 14, 2022, Defendant sent an email to Plaintiffs advising that Doe Child's acceptance and enrollment at Camp Horseshoe was rescinded and that the decision was "final". Defendant's decision to rescind enrollment was a direct result of it regarding Doe Child as having a disability requiring a school aid in violation of Title III of the ADA.

Counterclaims:  At this time, Defendant has not asserted any counter claim.

Third-Party Claims: At this time, no third-party claims have been asserted.

**C. Briefly identify the major legal and factual issues in the case.**

Major Factual Issues:
- What prompted Defendant to contact Plaintiffs on October 28, 2022?
- What was communicated between Defendant and Plaintiffs on or about October 28, 2022?
- Did Defendant regard Doe Child as having a disability and, if so, why?
- Who has Defendant communicated with about Doe Child and his alleged disability and/or need for a school aid, whether Doe Child has a disability, and whether Doe Child should be permitted to attend Camp Horseshoe?
- Why did Defendant ignore Plaintiffs requests to meet in October and November of 2022?
- Why did Defendant decide to rescind Doe Child's enrollment at Camp Horseshoe on November 14, 2022, after affirming acceptance on September 2, 2022?
- What are Defendant's ADA compliance practices and procedures, if any?

Major Legal Issues:
- Did Defendant violate the Title III of the ADA when it rescinded Doe Child's enrollment at Camp?
- If so, what relief are Plaintiffs' entitled to receive as damages?

**D. State the relief sought by any of the parties.**

Plaintiff seeks:
- A declaration that Defendant violated Title III of the ADA;
- An injunction requiring Defendant to stop discriminating against Plaintiffs on the basis of disability, and to modify its policies practices, and procedures to comply with the ADA;
- Award Plaintiffs their costs and attorneys' fees, including litigation expenses, reasonably incurred in the prosecution of the action; and
- Any other relief deemed equitable and just.

**2. Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).**

**A. Identify all federal statutes on which federal question jurisdiction is based.**

Title III of the Americans with Disabilities Act of 1990 prohibits discrimination on the basis of disability in places of public accommodation (42 U.S.C. § 12182(a)). This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiffs assert a claim under the ADA, a federal statute.

**3. Status of Service: Identify any defendants that have not been served.**

Defendant was served in January 23, 2023. On February 1, 2023, Defendant returned an executed Waiver of Service. Plaintiff filed the Waiver of Service on February 2, 2023. (Dkt. 5). Defendant must Answer or otherwise please on or before March 24, 2023.

**4. Consent to Proceed Before a United States Magistrate Judge:**

The parties have yet to address whether they consent to proceed before the assigned Magistrate.

**5. Motions:**
**A. Briefly describe any pending motions.**

None.

**6. Case Plan:**
**A. Submit a proposal for a discovery plan, including the following information:**

**(1) The general type of discovery needed;**
- Interrogatories
- Document Production
- Depositions
- Requests to Admit Facts

**(2) A date for Rule 26(a)(1) disclosures;**
- April 21, 2023

**(3) First date by which to issue written discovery;**
- May 12, 2023

**(4) A fact discovery completion date;**
- September 27, 2023

**(5) An expert discovery completion date, including dates for the delivery of expert reports; and**
- October 27, 2023

**(6) A date for the filing of dispositive motions.**
- December 1, 2023

**B. With respect to trial, indicate the following:**
**(1) Whether a jury trial is requested; and**
- Plaintiffs request a jury trial.

**(2) The probable length of trial.**
- 3-4 days

**7. Status of Settlement Discussions:**

Plaintiffs submitted a written settlement proposal before filing the instant action. Defendant rejected Plaintiffs' proposal. Plaintiff is interested scheduling a settlement conference.


Dated: February 28, 2023                    Respectfully submitted,

                                   By:      /s/*Elissa J. Hobfoll*
                                            One of Plaintiffs' Attorneys

Elissa J. Hobfoll
Herschman Levison Hobfoll PLLC
401 S. LaSalle St., Suite 1302G
Chicago, IL 60605
(312) 870-5800
elissa@hlhlawyers.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of Plaintiff's Second Document Production Request to Defendants was electronically served on February 28, 2023, on Defendants' counsel at their respective email addresses indicated below:

jsipchen@pretzel-stouffer.com

                                            */s/ Elissa J. Hobfoll*