UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sarah Abrams, Howard Abrams, and Doe Child, a minor by his parents and next friends,<br><br>Plaintiffs,<br><br>v.<br><br>Camp Horseshoe, LLC.,<br><br>Defendants. | Case No: 1:23-cv-00085<br><br>District Court Judge:<br>Honorable Sara L. Ellis<br>Magistrate Judge:<br>Honorable Shelia M. Finnegan<br><br>JURY TRIAL DEMANDED |

## JOINT INITIAL STATUS REPORT

The parties, by their respective undersigned attorneys, submit the following Joint Initial Status Report, pursuant to the Court's March 6, 2023, Docket Entry (Dkt. 12) .

**1. The Nature of the Case:**

This is a public accommodation and perceived or "regarded as" disability discrimination case, pursuant to Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§12181, *et seq*. ("ADA"). Title III of the ADA mandates that places of public accommodation, providing places of exercise or recreation to the public, may not deny access to the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations to individuals because they are regarded as disabled. Plaintiffs allege that Defendant Camp Horseshoe, LLC. ("Camp Horseshoe"), a place of public accommodation, unjustifiably and unlawfully rescinded and revoked Plaintiffs' application for Doe Child's enrollment at Camp Horseshoe for Summer of 2023 as a result of Defendant regarding Doe Child as having a disability, in violation of the ADA. Camp Horseshoe denies Plaintiffs allegations, specifically that it regarded Doe Child as disabled, or ever denied the child admittance to summer camp

because it regarded him as disabled. Rather, Camp Horseshoe claims that it rescinded admittance for Doe Child based upon legitimate and valid reasons, including alleged concerns over behavior and camper safety, which Camp Horseshoe maintains it has a right to do.

**A. Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.**

Plaintiffs' Counsel:   Elissa J. Hobfoll
Herschman Levison Hobfoll PLLC
401 S. LaSalle St., Suite 1302-G
Chicago, IL 60612
(312) 870-5800
elissa@hlhlawyers.com

Defendant's Counsel: James J. Sipchen
Pretzel Stouffer
1 South Wacker, Suite 2500
Chicago, IL 60606
(312) 346-1973
jsipchen@pretzel-stouffer.com

**B. Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third-party claims.**

Nature of the Claims:

Plaintiffs' Allegations: In June of 2022, Doe Child attended a camper trial weekend at Camp Horseshoe. In August of 2022, Plaintiffs submitted Doe Child's application to attend Camp Horseshoe for Summer 2023. On September 2, 2022, Defendant confirmed that Doe Child was accepted and enrolled at Camp Horseshoe. On October 28, 2022, one of Camp Horseshoe's owners spoke with Plaintiffs and advised that there were "issues" and "concerns" regarding Doe Child due to the child's alleged need for an aid in school. Plaintiffs were told that these "concerns" and "issues" led Camp Horseshoe to reconsider whether to allow Doe Child to attend camp. School aids are often assigned to public school students under an "Individualized Education Program" (IEP) when a student is determined to have a disability or multiple

disabilities under 34 C.F.R. §300.8. Defendant told Plaintiffs it needed to reconsider its enrollment decision because it believed Doe Child had some sort of disability requiring the assistance of a school aid. However, Doe Child does not have a disability and does not require the assistance of a school aid. Plaintiffs sent multiple emails to Defendant requesting an in-person meeting to resolve the misinformation. The requests to meet were ignored. Instead, on November 14, 2022, Defendant sent an email to Plaintiffs advising that Doe Child's acceptance and enrollment at Camp Horseshoe was rescinded and that the decision was "final". Defendant's decision to rescind enrollment was a direct result of it regarding Doe Child as having a disability requiring a school aid in violation of Title III of the ADA.

<u>Defendant's Allegations:</u>  Defendant, Camp Horseshoe denies Plaintiffs' claims of discrimination.  Specifically, it denies that it ever regarded Doe Child as having a disability. Rather, Doe Child was denied admittance to camp over issues Camp Horseshoe had been made aware of regarding the child's behavior and concerns for safety of other campers.  Camp Horseshoe has the discretion to decline admittance to summer camp and even remove a child from camp, and this is made clear during the application and admittance process.  Under Title III of the ADA, Camp Horseshoe also may inquire as to whether an applicant has any type of disability and/or if the applicant is need of a reasonable accommodation.

<u>Counterclaims</u>:  At this time, Defendant has not asserted any counter claim.

<u>Third-Party Claims</u>: At this time, no third-party claims have been asserted.

**C. Briefly identify the major legal and factual issues in the case.**

<u>Major Factual Issues</u>:
- What prompted Defendant to contact Plaintiffs on October 28, 2022?
- What was communicated between Defendant and Plaintiffs on or about October 28, 2022?
- Did Defendant regard Doe Child as having a disability and, if so, why?

- Who has Defendant communicated with about Doe Child and his alleged disability and/or need for a school aid, whether Doe Child has a disability, and whether Doe Child should be permitted to attend Camp Horseshoe?
- Why did Defendant ignore Plaintiffs requests to meet in October and November of 2022?
- Why did Defendant decide to rescind Doe Child's enrollment at Camp Horseshoe on November 14, 2022, after acceptance on September 2, 2022?
- What are Defendant's ADA compliance practices and procedures, if any?
- What representations, if any, did Doe Child's parents make to Camp Horseshoe about whether Doe Chile was disabled?
- Did Camp Horseshoe ever regard Doe Child as having a disability?
- Does Doe Child have a history of behavioral issues, particularly behavior towards other children?
- Were there incidents at other camps or environments such as school involving Doe Child with other children where Doe Child exhibited bullying, violent, or other inappropriate behavior or caused harm or injury to others?
- Whether Camp Horseshoe may remove an applicant or camper if it believes the applicant or camper has engaged inappropriate behavior towards other children or is a threat to engage in such behavior.
- Whether Camp Horseshoe's decision not to admit Doe Child to summer camp was for legitimate non-discriminatory reasons.
- Whether permitting Camp Horseshoe to rescind enrollment to Plaintiffs for Summer 2023 will cause irreparable harm to Doe Child because he would be barred from attending camp with his friends and suffer the loss of public enjoyment of facilities provided to other children?
- What steps, if any, did Camp Horseshoe take to make an individualized assessment about Doe Child before rescinding its enrollment decision?
- Does Camp Horseshoe take the same or similar steps in making enrollment decisions for other campers and potential campers as it did when making decisions about Doe Child?

Major Legal Issues:
- Did Defendant violate the Title III of the ADA when it rescinded Doe Child's enrollment at Camp?
    - If so, what relief, if any, are Plaintiffs entitled to receive as damages?
- Are Plaintiffs entitled to emergency injunctive relief?
- Do Plaintiffs have standing to sue?
- Whether inquiring as to whether an individual has a disability or needs an accommodation violates Title III of the ADA.
- Even if Camp Horseshoe regarded Doe Child as having a disability (which it denies), does the direct threat exception under the ADA apply in this case?
- Was Camp Horseshoe required to make an individualized assessment pursuant to 28 C.F.R. § 36.208 to assert the direct threat exemption?

**D. State the relief sought by any of the parties.**

Plaintiff seeks:
- A declaration that Defendant violated Title III of the ADA;
- An injunction requiring Defendant to stop discriminating against Plaintiffs on the basis of disability, and to modify its policies practices, and procedures to comply with the ADA;
- Award Plaintiffs their costs and attorneys' fees, including litigation expenses, reasonably incurred in the prosecution of the action; and
- Any other relief deemed equitable and just.

Defendant seeks:
- A judgment in its favor and against Plaintiffs;
- Its costs incurred in defending the litigation and any other relief deemed equitable and just, including an award of its reasonable attorneys' fees upon a finding that Plaintiffs' suit is frivolous, unreasonable, or without foundation.

**2. Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).**

    **A. Identify all federal statutes on which federal question jurisdiction is based.**

Title III of the Americans with Disabilities Act of 1990 prohibits discrimination on the basis of disability in places of public accommodation (42 U.S.C. § 12182(a)). This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiffs assert a claim under the ADA, a federal statute. Camp Horseshoe disputes subject matter jurisdiction in its Motion to Dismiss.

**3. Status of Service: Identify any defendants that have not been served.**

Defendant was served on January 23, 2023. On February 1, 2023, Defendant returned an executed Waiver of Service. Plaintiff filed the Waiver of Service on February 2, 2023. (Dkt. 5). Defendant must Answer or otherwise please on or before March 24, 2023.

**4. Consent to Proceed Before a United States Magistrate Judge:**

The parties do not consent to proceed before the assigned Magistrate.

**5. Motions:**

**A. Briefly describe any pending motions.**

Defendant, Camp Horseshoe, has filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Camp Horseshoe requests that the Court refrain from entering a discovery schedule in this case until after it rules on the Motion. Plaintiff opposes the motion and asks the

Court to set a briefing schedule. Plaintiffs request that, in light of the July 16, 2023 Camp Horseshoe Summer 2023 Second Session start date, that the discovery schedule in this matter be expedited.

Plaintiffs anticipate that they will file a Temporary Retraining Order and Preliminary Injunction asking the Court to bar Defendant from rescinding Doe Child's enrollment for Defendant's summer camp 2nd Session of 2023. In September of 2022, Camp Horseshoe accepted Doe Child's enrollment at camp for the 2nd session, to begin on July 16, 2023. That date is set by Defendant. If enrollment is not reinstated before July 16, 2023, Doe Child will suffer irreparable harm by having been denied to opportunity to enjoy recreation and access to the full and equal enjoyment of services, facilities, privileges, advantages, or accommodations of Camp Horseshoe that other children and friends are afforded during Summer of 2023.

Plaintiffs anticipate that they will soon file a Motion for Leave to Amend their Complaint. In addition to the federal claims, Plaintiff filed charges of perceived disability discrimination in public accommodation against Defendant with the Illinois Department of Human Rights ("IDHR"), pursuant to Article V of the Illinois Human Rights Act. On March 9, 2023, Plaintiffs opted out of the IDHR investigation process and are currently awaiting their Notice of Suit Rights from the IDHR. 775 ILCS 5/7A-102 (B) and (C-1). Pursuant to statute, the Notice is to be issued by the IDHR by March 23, 2023. *Id*.

**6. Case Plan:**

    **A. Submit a proposal for a discovery plan, including the following information:**

Subject to Camp Horseshoe's request in paragraph 5, above, the parties propose the following.

**(1) The general type of discovery needed;**
- Interrogatories
- Document Production
- Depositions
- Requests to Admit Facts
- Third-party discovery (Subpoenas, Depositions)

**(2) A date for Rule 26(a)(1) disclosures;**
- April 21, 2023

**(3) First date by which to issue written discovery;**
- May 12, 2023

**(4) All fact discovery completion date;**
- September 27, 2023

**(5) Expert discovery completion dates, including dates for the delivery of expert reports; and**
- Plaintiffs' Disclosure of Expert(s) pursuant to Fed.R.Civ.P. 26(a)(2) -- October 27, 2023

- Plaintiffs' Rule 26(a)(2) witnesses to be deposed – December 4, 2023
- Defendants' Disclosure of Expert(s) pursuant to Fed.R.Civ.P. 26(a)(2) – January 4, 2024
- Defendants Rule 26(a)(2) witnesses to be deposed – February 19, 2024

**(6) A date for the filing of dispositive motions.**
- February 29, 2024

**B. With respect to trial, indicate the following:**

**(1) Whether a jury trial is requested; and**
- Plaintiffs request a jury trial.

**(2) The probable length of trial.**
- 7 days

**7. Status of Settlement Discussions:**

Plaintiffs submitted a written settlement proposal before filing the instant action. Defendant rejected Plaintiffs' proposal and tendered a counteroffer, which was rejected. The parties may be interested in a settlement conference at a future date, but not at the present time.

Dated: March 24, 2023

Respectfully submitted,

/s/*Elissa J. Hobfoll*  
Elissa J. Hobfoll  
*One of Plaintiffs' Attorneys*  
Herschman Levison Hobfoll PLLC  
401 S. LaSalle St., Suite 1302G  
Chicago, IL 60605  
(312) 870-5800  
elissa@hlhlawyers.com

/s/ *James J. Sipchen*  
James J. Sipchen  
*Counsel for Defendant Camp Horseshoe, LLC*  
Attorney ID No. 6226113  
PRETZEL & STOUFFER, CHARTERED  
One S. Wacker Drive, Suite 2500  
Chicago, Illinois 60606  
Tel: (312) 578-7422  
Fax: (312) 346-8242  
Email: jsipchen@pretzel-stouffer.com

## CERTIFICATE OF SERVICE

      The undersigned certifies that a true and correct copy of the Joint Initial Status Report to Defendant was electronically served on March 24, 2023, on Defendants' counsel at their respective email addresses indicated below:

jsipchen@pretzel-stouffer.com
KCondeni@pretzel-stouffer.com

                                              */s/ Elissa J. Hobfoll*